FILED
2010 Jul-20 AM 09:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

EXHIBIT "1"

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>58-CV-2010-900584.00 |
|---|---|---|

### IN THE CIVIL COURT OF SHELBY, ALABAMA
### HARBAR CONSTRUCTION CO., INC. v. NATIONWIDE MUTUAL INSURANCE COMPANY

**NOTICE TO**   NATIONWIDE MUTUAL INSURANCE COMPANY, P. O. BOX 210, GOOSE CREEK, SC 29445

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY STEPHEN DON HENINGER

WHOSE ADDRESS IS P. O. BOX 11310, BIRMINGHAM, AL 35202

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   HARBAR CONSTRUCTION CO., INC.
   pursuant to the Alabama Rules of the Civil Procedure

7/2/10
~~6/16/2010 4:09:17 PM~~                   /s MARY HARRIS
**Date**                                    **Clerk/Register**                                           **By**

☑ Certified mail is hereby requested      /s STEPHEN DON HENINGER       MARY H. HARRIS  6694-3760
                                           Plaintiff's/Attorney's Signature    CIRCUIT CLERK, SHELBY COUNTY
                                                                                P.O. BOX 1810
**RETURN ON SERVICE:**                                                          COLUMBIANA, AL 35051

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                    _____
**Date**                      **Server's Signature**


### 58-CV-2010-900584.00
### HARBAR CONSTRUCTION CO., INC. v. NATIONWIDE MUTUAL INSURANCE COMPANY

| C001 - HARBAR CONSTRUCTION CO., INC. | v. | D001 - NATIONWIDE MUTUAL INSURANCE COMPANY |
|---|---|---|
| **Plaintiff** | | **Defendant** |


58-CV-2010-900584.00 D001

# SERVICE RETURN COPY

6/18/2010 4:09 PM
CV-2010-900584.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| HARBAR CONSTRUCTION CO., INC., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>NATIONWIDE MUTUAL INSURANCE )<br>COMPANY; Defendant No. 1 being the )<br>proper legal designation of the entity known )<br>as Nationwide Mutual Insurance Company; )<br>Defendant No. 2 being that entity which )<br>issued the policies of insurance referred to )<br>in the complaint; Defendants No. 3 & 4 )<br>being those persons or entities which caused )<br>or contributed to cause the actions/inactions )<br>alleged in the complaint; all of whose true )<br>and correct names are currently unknown to )<br>Plaintiffs, but will be added by amendment )<br>when properly ascertained. )<br>)<br>    Defendants. ) | CIVIL ACTION NO.: CV-10-900584 |

### COMPLAINT

1. At all times pertinent herein, Plaintiff was insured by two (2) policies of insurance which were in full force and effect, Policy number 77 PR 734079-3002 (commercial general liability policy) and 77 PR 734079-3003 (umbrella policy) which were issued by Defendant, Nationwide Mutual Insurance Company. Plaintiff had fully performed its obligation and duties required under these policies.

2. Plaintiff was made a Defendant in a suit filed in Shelby County Circuit Court: *Willis E. Gilliland and Martha Gilliland v. Harbar Construction Co., Inc., et al.*, CV07-368; and *John Royal and Karen Royal v. Harbar Construction Co., Inc., et al.* Plaintiff provided Defendants with due and proper timely notice of these suits and requested defense and indemnity for any claims made in these suits.

3.  Defendants denied any coverage for defense and/or indemnity for both of these claims/suits against Plaintiff under the policies referred to above and the complaints and allegations set forth in these suits. A denial letter was sent to Plaintiff regarding the *Gilliland* suit on November 8, 2007. A denial letter was sent to Plaintiff on the *Royal* suit on April 16, 2009.

4.  Plaintiff was required to consult and retain independent defense counsel on these suits despite having been issued and paid for coverage under the policies of insurance referred to above. After paying extensive and significant sums for attorney's fees and expenses the Plaintiff was unable to continue to pay for representation and counsel withdrew from representation in the *Gilliland* suit and would not represent Plaintiff in the *Royal* suit. The *Gilliland* suit was settled by National Home Insurance Company as structural defect claim under a 2-10 HBW warranty, but the Circuit Court of Shelby County, Hon. J. Michael Joiner, entered a judgment by default against Harbar Construction Co., Ins. In the amount of Six hundred twenty-four thousand seven hundred ninety dollars and 00/100 ($624,790.00) on April 6, 2010. Plaintiff has filed a motion to set aside that default judgment on April 30, 2010. The *Royal* suit remains pending and is being defended on a pro se basis by Plaintiff.

## COUNT I
(Breach of Contract)

5.  Plaintiff avers that Defendants have breached the provision of the contracts/policies of insurance referred to above by failing and refusing to provide and pay for the defense of these suits, separately and severally, against Plaintiff as referred to above. Plaintiff avers that the provisions of these policies and the separate and several allegations set forth in the two suits referred to above were covered for both defense and indemnity. Defendants breached their contractual obligations to provide defense and/or indemnity for these separate and several suits/claims referred

to above. As a proximate consequence of this breach, the Plaintiff has been caused to incur substantial charges for attorney's fees and expenses associated with the independent defense of these claims; Plaintiff has suffered financial loss and damage to its business reputation and ability to continue in business; Plaintiff has suffered the entry of a default judgment in the *Gilliland* suit as set forth above in the amount of Six hundred twenty-four thousand seven hundred ninety dollars and no/100 ($624,790.00); Plaintiff has suffered economic tangible and intangible losses to its business, finances and good will as consequential damages.

## COUNT II
(Bad Faith)

6. Plaintiff further avers that Defendants have acted in bad faith in the refusal to defend the insured Plaintiff in the suits/claims set forth above. Plaintiff was entitled to and had paid for coverage for this defense but it was denied by Defendants in bad faith. The denials made the basis of this suit were separately and severally made in bad faith and against the provisions of the insurance policies and the law of Alabama regarding the insurer's duty to defend. As a proximate consequence thereof, Plaintiff was caused to incur substantial charges for attorney's fees and expenses, associated with the independent defense of these suits/claims; Plaintiff has suffered financial loss and damage to its business reputation and ability to continue in business; Plaintiff has suffered the entry of a default judgment in the *Gilliland* suit as set forth above in the amount of Six hundred twenty-four thousand seven hundred ninety dollars and no/100 ($624,790.00); Plaintiff has suffered economic tangible and intangible losses to its business and good will as consequential damages.

Wherefore, Plaintiff demands judgment against Defendants, separately and severally, in such sums of compensatory and punitive damages as a jury may assess after a full and fair consideration of the facts.

STEPHEN D. HENINGER (HEN007)
Attorney for Plaintiff

**OF COUNSEL:**

HENINGER GARRISON DAVIS, LLC
P. O. Box 11310
Birmingham, Alabama 35202
Telephone:    (205) 326-3336
Facsimile:    (205) 326-3332
E-mail:       Steve@hgdlawfirm.com

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES RAISED HEREIN**

OF COUNSEL

**Plaintiff's Address:**

12 Montagel Way
Shoald Creek, AL 35242

**Serve Defendant via Certified Mail at:**

P. O. Box 210
Goose Creek, SC 29445

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

HARBAR CONSTRUCTION CO., INC.,           )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )       CIVIL ACTION NO.:
                                         )
NATIONWIDE MUTUAL INSURANCE              )
COMPANY; Defendant No. 1 being the       )
proper legal designation of the entity known )
as Nationwide Mutual Insurance Company;  )
Defendant No. 2 being that entity which  )
issued the policies of insurance referred to )
in the complaint; Defendants No. 3 & 4   )
being those persons or entities which caused )
or contributed to cause the actions/inactions )
alleged in the complaint; all of whose true )
and correct names are currently unknown to )
Plaintiffs, but will be added by amendment )
when properly ascertained.               )
                                         )
        Defendants.                      )

## PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS FROM DEFENDANTS

COMES NOW the Plaintiff in the above-styled cause and hereby propounds Requests for Production of Documents and Things from Defendants pursuant to Rule 34 of the Alabama Rules of Civil Procedure as follows:

1.  The complete claims files including all materials whether on paper or electronic filed information regarding claim number 77 AC 802705-3001.

2.  The complete claims file including all materials whether on paper or electronic filed information regarding claim number 77 PR 370354 11292007 51.

3.  Certified copies of the policies made the basis of this suit: 77 PR 734079-3002 and 77 PR 734079-3003 as well as 77 01 CU 734079-3003.

4. All internal memos, notes, reports, logs for claim activity, correspondence, emails, electronic filed information or materials of any description related in any way to any claims against Harbar Construction Co., Inc. by Gilliland, Royal or any other person or entity for the past five (5) years.

5. All photographs, video-tapes of pictures of any description regarding any claims against Harbar Construction Co., Inc. over the past five (5) years.

6. The complete premium paying history for Harbar Construction Co., Inc. for the past five (5) years.

7. All recorded interviews and any transcripts of such interviews regarding any aspect of the Gilliland and/or Royal claims/suits against the insured made the basis of this suit.

8. All materials reviewed or considered by this Defendant prior to denying a defense to this insured on the Gilliland and Royal claims/suits against this insured.

9. The Best Claims Practice guidelines of this Defendant.

10. All coverage opinions or reports of any description regarding the Gilliland and Royal claims/suits against this insured.

STEPHEN D. HENINGER (HEN007)
Attorney for Plaintiff

**OF COUNSEL**:

HENINGER GARRISON DAVIS, LLC
P. O. Box 11310
Birmingham, Alabama 35202
Telephone:   (205) 326-3336
Facsimile:   (205) 326-3332
E-mail:      Steve@hgdlawfirm.com

**REQUESTS FOR PRODUCTION TO BE SERVED WITH COMPLAINT**

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| HARBAR CONSTRUCTION CO., INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: CV-2010-900584 |
| | ) |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF FILING OF NOTICE OF REMOVAL

To: Mary H Harris
Shelby County Circuit Clerk
Post Office Box 1810
Columbiana, Alabama 35051

Pursuant to 29 U.S.C. Section 1446(d), Defendant, Nationwide Mutual Insurance Company, hereby gives notice that it has filed a Notice of Removal in the United States District Court for the Northern District of Alabama, Southern Division, and that this case has been removed to that Court. Attached hereto is a copy of the Notice of Removal.

Respectfully submitted,

_____
Kori L. Clement, Esquire (CLE022)
Attorney for Defendant
Nationwide Mutual Insurance Company

OF COUNSEL:
HARE, CLEMENT & DUCK, P.C.
505 20th Street North
Suite 1010, Financial Center
Birmingham, Alabama 35203
Telephone: (205) 322-3040
Facsimile: (205) 322-5577
E-Mail: clem@harelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the AlaFile or CM/ECF system, which will send notification of such filing to the following on this 19th day of July, 2010:

Stephen D. Heninger, Esquire
HENINGER, GARRISON, DAVIS, LLC
2224 First Avenue North
Birmingham, Alabama 35203

OF COUNSEL

2